## UNITED STATES v. LITTLETON.

(District Court, N. D. California, S. D.
February 8, 1924.)

No. 1587.

1. **Criminal law** ⊜242(7)—**Proof of defendant's identity and certified copy of indictment make prima facie case for removal to another district.**

Proof of identity of defendant as party charged in an indictment returned in another district, and certified copy of indictment itself, make out prima facie case for removal to that district for trial.

2. **Criminal law** ⊜242(6)—**In proceeding for removal to another district, doubt as to sufficiency of indictment must be resolved in its favor.**

Doubt as to sufficiency of indictment under which removal of defendant to another district for trial is sought ·must be resolved in favor of indictment, and its actual sufficiency left to court in which indictment was returned.

3. **Criminal law** ⊜242(1)—**That crime committed in part in district from which removal sought does not preclude removal to another district for trial.**

Removal of defendant to district of Nevada for trial under indictment charging violation of Naturalization Act June 29, 1906, § 23 (Comp. St. § 4379), is not improper, though crime, if any, was committed in part in district from which defendant was sought to be removed.

See, also, 1 F. (2d) 752.

John T. Williams, U. S. Atty., and Thomas J. Riordan and Alma M. Myers, Asst. U. S. Attys., all of San Francisco, Cal.

Preston & Duncan, of San Francisco, Cal., for defendant.

RUDKIN, Circuit Judge. On the 29th day of May, 1919, one John Poco verified a petition, entitled in the superior court of the state of California, in and for the city and county of San Francisco, setting forth, among other things, that he was duly admitted to be a citizen of the United States in that court on the 8th day of April, 1904; that his naturalization papers were destroyed by fire in the city and county of San Francisco in 1906, without fault or neglect on his part; that the entire record of the proceedings in the superior court was destroyed at the same time; and praying that the destroyed record be restored.

On the 14th day of December, 1923, an indictment containing two counts was returned against the defendant herein, in the United States District Court for the District of Nevada. The first count charges that the defendant did then and there willfully, unlawfully, and knowingly aid, abet, counsel, induce, and procure Poco to make the aforesaid affidavit, and that such affidavit was false and untrue. The second count charges that the defendant did then and there willfully, unlawfully, and knowingly aid, advise, and encourage Poco, a citizen of the republic of France, who was not entitled to secure naturalization in the United States, to secure such naturalization, and Poco did by reason thereof secure the same.

The indictment was returned under section 23 of the Naturalization Act of June 29, 1906 (34 Stat. 603 [Comp. St. § 4379]), which reads as follows:

"That any person who knowingly procures naturalization in violation of the provisions of this act shall be fined not more than five thousand dollars, or shall be imprisoned not more than five years, or both, and upon conviction the court in which such conviction is had shall thereupon adjudge and declare the final order admitting such person to citizenship void. Jurisdiction is hereby conferred on the courts having jurisdiction of the trial of such offense to make such adjudication. Any person who knowingly aids, advises, or encourages any person not entitled thereto to apply for or to secure naturalization, or to file the preliminary papers declaring an intent to become a citizen of the United States, or who in any naturalization proceeding knowingly procures or gives false testimony as to any material fact, or who knowingly makes an affidavit false as to any material fact required to be proved in such proceeding, shall be fined not more than five thousand dollars, or imprisoned not more than five years, or both."

A complaint for the removal of the defendant from the Northern district of California to the district of Nevada for trial was thereupon filed before a United States commissioner. The commissioner held the defendant to answer before the court in Nevada, and the entire proceedings are now before the court on a petition for an order of removal.

[1] The proof as to the identity of the defendant as the party charged in the indictment was sufficient, and this, together with the certified copy of the indictment itself, made out a prima facie case. Rowe v. Boyle (C. C. A.) 268 Fed. 809. As against this prima facie case, no proof was offered by the defendant, so that only two questions remain for consideration: First, the suffi-

ciency of the indictment; and, second, the right to remove the defendant to the district of Nevada for trial, where it appears that the crime, if committed, was committed in part, at least, in this district. The act in question prohibits: First, procuring naturalization in violation of its provisions; second, aiding, abetting, or encouraging any person to apply for or secure such naturalization, or to file preliminary papers declaring an intent to become a citizen of the United States; third, procuring or giving false testimony, or making a false affidavit, as to any material fact required to be proved in any naturalization proceedings.

[2] Naturalization, as defined by Webster, is: "The act of investing an alien with the rights and the privileges of a native subject or citizen." "The state of being thus invested with citizenship." If the terms "naturalization" and "naturalization proceeding" are used in this statute in this strict and limited sense, it becomes at once apparent that the restoration of a destroyed record in a state court pursuant to state law is not procuring naturalization, and the proceeding itself is not a naturalization proceeding. If, on the other hand, the term "naturalization" be construed to mean merely evidence of naturalization, such as a certificate of naturalization, or the restoration of a destroyed record in a naturalization proceeding, the acts charged may fall within the condemnation of the statute. When the act of 1906 is considered in its entirety, it may well be questioned whether the terms "naturalization" and "naturalization proceeding" were not used in their strict or proper sense, but this court is not called upon to pass finally upon the sufficiency of the indictment. Doubt on that question must be resolved in its favor, leaving its sufficiency to be determined by the court in which the indictment was returned. Rowe v. Boyle, supra.

[3] If Poco procured naturalization, he undoubtedly procured it in the Northern district of California; and if the defendant aided and abetted him in so doing, his crime was likewise committed here, in part at least. Hoss v. United States, 232 Fed. 328, 335, 146 C. C. A. 376. But the fact that he is subject to indictment and trial here is no bar to the right of removal to the district of Nevada. Hyde v. Shine, 199 U. S. 62, 25 Sup. Ct. 760, 50 L. Ed. 90. In that case the defendant was removed from this district to the District of Columbia for trial, even though the offense was committed in part here. The condemnation of the prac-

tice referred to by counsel is just, no doubt; but it was addressed to prosecuting officers rather than to the courts. I reach this conclusion with the less hesitation, because, if I refuse to sign the order of removal, the government is perhaps without remedy. If, on the other hand, the order is granted, the defendant has his remedy by habeas corpus, where the questions here urged are subject to review, not only by the court issuing the writ, but by the higher courts as well.

The petition for removal is therefore granted, but the defendant will be given an opportunity to petition for a writ of habeas corpus, if so advised, before the order is executed.